UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-57-KAC-JEM |
| SAMANTHA SEIBER, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant's Motion to Continue Trial and Pretrial Motions [Doc. 10], filed on July 11, 2024.

Defendant Seiber asks the Court to continue the trial date and pretrial motions deadline. In support of her motion, Defendant asserts that her counsel requires additional time to complete investigation and review the voluminous discovery. Defendant also included a waiver indicating that she had been advised of her speedy trial rights and agrees to the continuance. Counsel for the Government confirmed with Chambers via email that the Government does not oppose the requested continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review, discuss, and evaluate discovery with Defendant, determine if any pretrial motions are appropriate, and otherwise prepare for trial. The Court finds that all of this cannot occur before the August 20, 2024 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and Pretrial Motions [**Doc. 10**]. The trial of this case is reset to **December 17, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 11, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial and Pretrial Motions [**Doc. 10**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 17, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **July 11, 2024**, and the new trial date of **December 17, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **August 12, 2024**, and responses to motions are due on or before **August 26, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 15, 2024**;

(6) the deadline for filing motions *in limine* is **December 2, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **December 3, 2024, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 6, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge